United States District Court
Southern District of Texas
**ENTERED**
December 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-3245 |
| | § | |
| TRENIESHA NIESHA HOUSTON AND MARY JOHNSON LARD, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendants' Treniesha Niesha Houston[2] ("Houston") and Mary Johnson Lard ("Lard") (collectively, "Defendants") Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (ECF No. 7). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Defendants' Motion to Dismiss (*id.*) be **DENIED**.

### I. Background

This case concerns the ownership of three payable on death ("P.O.D.") bank accounts. Bobby Ray Johnson ("Johnson") passed away on March 24, 2025. (ECF No. 1 at ¶ 8). At the time of his death, Johnson had three accounts

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

[2] In Plaintiff's Complaint, Houston's name is spelled "Treniesha Nieshia Houston." (*See* ECF No. 1 at ¶ 2). However, in Defendants' Motion to Dismiss, Houston's name is spelled "Trenisha Nieshia Houston." (ECF No. 7 at 1). For consistency, the Court will follow the spelling used in Plaintiff's Complaint.

with JPMorgan Chase Bank, N.A. ("Chase"), xxxxxx8000, xxxxx1811, and xxxxxx9735 (the "Accounts").³ (*Id.*). Based on signature cards for each of the Accounts dated May 2, 2012, the Accounts were P.O.D. to Lard. (*Id.*).

Houston later presented to Chase a Durable Power of Attorney dated August 30, 2024, purportedly signed by Johnson. (*Id.* at ¶ 9). The document purports to grant Houston the right to "add or change beneficiaries including myself or any other person." (*Id.*). On October 5, 2024, Houston presented signature cards for the Accounts that were not signed by Johnson but had the annotation in the space for Johnson's signature "signature on file." (*Id.* at ¶ 10). On October 10, 2024, Houston presented signature cards for the Accounts that were not signed by Johnson but had the annotation in the space for Johnson's signature, "not present." (*Id.*). All of the October 5, 2024, and October 10, 2024, signature cards were signed by Houston and purported to change the P.O.D. beneficiary from Lard to Houston. (*Id.*).

Chase explains that the ownership of Johnson's accounts is in dispute. (*Id.* at ¶ 12). Because there is uncertainty about the rights to the funds on deposit with Chase as between Houston and Lard, Chase alleges it is at risk

---

³ Chase currently holds $9,982.47 in Johnson's account xxxxxx8000, $701,398.45 in Johnson's account xxxxx1811, and $347,888.33 in Johnson's account xxxxx9735. (ECF No. 1 at ¶ 14).

for conflicting and inconsistent claims to the funds. (*Id.* at ¶ 15). As such, on July 11, 2025, Chase filed the instant interpleader action. (*Id.* at ¶¶ 17–21).

## II. Discussion

Defendants argue this Court lacks subject matter jurisdiction under the probate exception because any relief sought by Chase would interfere with the probate of Johnson's will and the distribution of his estate. (ECF No. 7 at 2). Defendants also argue Chase has failed to establish any valid basis for federal jurisdiction. (*Id.*).

Chase responds that this Court has subject matter jurisdiction under both 28 U.S.C. §§ 1332 and 1335. (ECF No. 16 at 2). As Chase explains, Chase is a citizen of Ohio and Defendants are citizens of Texas and Louisiana. (*Id.* at 2–3). Thus, the parties are completely diverse. (*See id.* at 3). Further, the amount-in-controversy exceeds $1 million, which is above the $75,000 required. (*Id.*). As such, the Court has diversity jurisdiction under 28 U.S.C. § 1332.

Chase also contends there is subject matter jurisdiction under 28 U.S.C. § 1335. (*Id.*). 28 U.S.C. § 1335, statutory interpleader, confers on federal courts jurisdiction over certain interpleader claims. Section 1335 declares that "district courts shall have original jurisdiction of any civil action of interpleader," as long as the amount in controversy equals $500 or more and

the claimants are minimally diverse. 28 U.S.C. § 1335(a). In other words, assuming the requisite jurisdictional amount is met, statutory interpleader requires two or more of the adverse claimants to a contested fund be "of diverse citizenship as defined in section 1332 of this title." 28 U.S.C. § 1335(a)(1).

Here, the amount in controversy exceeds $500. (*See* ECF No. 1 at ¶ 14). At the time this action was filed, Houston and Lard were domiciled in Texas. (*Id.* at ¶ 2–3). However, Chase now contends Houston is domiciled in Texas and Lard is domiciled in Louisiana. (ECF No. 16 at 3 (citing ECF Nos. 16-2–16-3)). Defendants did not file a reply to contest Chase's assertion as to Lard's updated citizenship. As such, the Court finds there is jurisdiction under 28 U.S.C. § 1335. *See Auto Parts Mfg. Mississippi, Inc. v. King Constr. of Houston, L.L.C.*, 782 F.3d 186, 193 (5th Cir. 2015) ("APMM named as claimants King (a Mississippi citizen), Noatex (a California citizen), and later Kohn (a California citizen), satisfying § 1335's minimum diversity requirement.").

Finally, as to the probate exception, Chase contends the probate exception to federal-court jurisdiction does not apply because the funds at issue are not in the exclusive control of a probate court. (ECF No. 16 at 4).

A federal court "has no jurisdiction to probate a will or administer an estate[.]" *Curtis v. Brunsting*, 704 F.3d 406, 408 (5th Cir. 2013) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). Thus, the probate exception,

which has a "distinctly limited scope," "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate [and] precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 409. "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* To determine whether the probate exception deprives a federal court of jurisdiction, the Fifth Circuit requires "a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property." *Id.* "If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction." *Id.*

Here, this case falls outside the scope of the probate exception at the first step of the inquiry because the funds in the three P.O.D. accounts are not within the custody of any probate court. Under Texas Estates Code § 113.001(1), an "account" is "a contract of deposit of funds between a depositor and a financial institution," and includes "a checking account, savings account, certificate of deposit, share account, or other similar arrangement." A "P.O.D. account" is an account payable to one person during their lifetime and, after their death, to one or more P.O.D. payees. *See* TEX. EST. CODE § 113.004(4)(A).

5

Section 113.152 states that "if the account is a P.O.D. account and there is a written agreement signed by the original payee. . ., on the death of the original payee . . ., any sums remaining on deposit belong to (1) the P.O.D. payee . . . ." Thus, as argued by Chase, "[t]his transfer is effective by reason of the account contract involved and Chapter 113; it is not considered to be a testamentary transfer or subject to the testamentary provisions of the Estates Code. (ECF No. 16 at 6 (citing TEX. EST. CODE § 113.158)). "P.O.D. funds are non-probate assets." *Baxter v. Hastings*, No. 3:22-cv-10995, 2022 WL 2306825, at *3 (N.D. Tex. June 27, 2022) (citing *Punts v. Wilson*, 137 S.W.3d 889, 892 (Tex. App.—Texarkana 2004, no pet.)).

As such, because the ownership of accounts does not pass through Johnson's estate, the probate exception does not apply, and this Court has subject-matter jurisdiction over this case to determine their ownership. *Id.* at *4 (the disputed P.O.D. accounts are not within the custody of the probate court, and the probate exception does not apply); *see Graves v. Metro. Life Ins. Co.*, No. 4:23-cv-947, 2023 WL 4237099, at *5 (S.D. Tex. June 28, 2023) ("In Texas, 'property passing at death pursuant to terms of a contract, such as provided in life insurance policies' is considered a non-probate asset. . . . Thus, the probate exception does not apply to a life insurance policy such as this.").

## III. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion to Dismiss (ECF No. 7) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on December 17, 2025.

_____
Richard W. Bennett
United States Magistrate Judge